UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-cv-332 |
| WEST DALLAS INVESTMENTS, L.P. AND EDITA DAVIDSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF RAUL ALVAREZ, DECEASED | § § § § § § § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff Mesa Underwriters Specialty Insurance Company (MUSIC) files this Original Complaint and would show the following:

### I.  INTRODUCTION

1. This is an insurance coverage action regarding coverage for claims asserted against West Dallas Investments, L.P. (WDI), in an underlying lawsuit styled *Edita Davidson v. West Dallas Investments, L.P.,* no. DC-23-18687 in the 193rd Judicial District Court of Dallas County, Texas. MUSIC issued a commercial general liability policy to WDI with an assault and battery exclusion. MUSIC seeks a declaration that, under that exclusion, it has no duty to defend or indemnify WDI against the claims asserted in the underlying lawsuit.

### II.  PARTIES

2. Plaintiff MUSIC is an insurance company incorporated under the laws of the State of New Jersey and with its principal place of business in New Jersey. It is therefore a citizen of New Jersey.

3. Defendant WDI is a limited partnership formed under Texas law whose sole partner is PSL Management, LLC. The members of PSL Management, LLC are Philip J. Romano, Stuart Ritts, and Larry R. McGregor. Each of these members is a natural person who has established domicile in Texas. Therefore, WDI is a citizen of Texas. WDI may be served via its registered agent, William A. Munck, at 12770 Coit Road, Suite 600, Dallas, TX, 75251, or at any other location where it may be found.

4. Defendant Edita Davidson is a natural person who has established domicile at 2905 Hiawatha Trail, Lake Worth, TX 76135. She is therefore a citizen of Texas. She may be served with process at the above address or any other location where she may be found.

### III. JURISDICTION & VENUE

5. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of New Jersey and Defendants are citizens of Texas, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. This Court has personal jurisdiction over Defendants because they are citizens and residents of Texas.

7. Venue is appropriate under 28 U.S.C. § 1391(b)(2) in that all or a substantial part of the events or omissions giving rise to this claim occurred in this district. Specifically, WDI is based in this district, and MUSIC issued its insurance policy to WDI in this district.

### IV. THE UNDERLYING LAWSUIT

8. It is alleged in the underlying lawsuit that WDI owns, manages, or was at all times in control of the industrial building known as The Fabrication Yard located at or around 621 Fabrication St, Dallas, TX 75212.

9. The Fabrication yard is allegedly known to be an event space, which attracts artists, musicians, videographers, photographers, music fans, and others to the property for the purpose of hosting music and other art events including raves, and dance parties.

10. It is alleged that WDI held the property open to the public to accommodate raves and dance parties that are usually publicly promoted on social media websites such as Instagram, where a wide swath of people would be generally invited to attend.

11. The underlying lawsuit alleges that the decedent, Raul Alvarez, who was 18 years old at the time, attended a publicly promoted rave at The Fabrication Yard.

12. According to the underlying lawsuit, around 2:00 a.m. on March 4, 2023, Raul Alvarez and two other patrons of the rave were shot after an unknown person indiscriminately fired into the crowd. Raul died as a result of being shot.

13. The underlying lawsuit alleges that it is common knowledge that young people would frequently attend raves and other functions at The Fabrication Yard, where at the end of the night, they would shoot guns they brought upon the premises.

14. It is alleged that WDI did not implement any security measures, prohibit ravers or other party goers from entering upon or from accessing The Fabrication Yard premises, or provide any warning to public invitees, although it is widely known that there would be frequent indiscriminate gunfire at events hosted at The Fabrication Yard.

15. Plaintiff asserts the following claims against WDI in the Underlying Lawsuit: (1) that WDI failed to exercise reasonable care to ensure the safety of or to protect public invitees including adolescent patrons such as Raul Alvarez and others from dangerous conditions that might have created an unreasonable risk of harm that it knew, should have known, or that was reasonably discoverable had they exercised due care to do so; (2) that WDI knew, or in the exercise

of ordinary care should have known about the prior raves at The Fabrication Yard and within a reasonable radius of the premises; (3) that WDI knew or should have known that such raves attracted inebriated young patrons that posed an unreasonable risk of harm to invitees given the public information that such patrons would frequently indiscriminately discharge firearms at these raves; (4) that WDI had a duty to exercise reasonable care to make the premises safe for use of invitees such as Raul; (5) that WDI had a duty to protect people from criminal acts of third parties; (6) that WDI had a duty to exercise ordinary care to protect invitees against the unreasonable and foreseeable acts of third parties; and (7) that WDI was negligent and/or failed to use ordinary care to reduce or eliminate an unreasonable risk of harm on its premises and that its negligence and/or failure to use ordinary care was a proximate cause of the Incident.

## V.   THE MUSIC POLICY

16. MUSIC issued a Commercial General Liability policy to WDI, bearing policy number MP0042002005390, for the policy period of December 5, 2022, to December 5, 2023. The policy provides no coverage for the claims asserted in the underlying lawsuit.

17. The insuring agreement of the Policy states, in relevant part:

SECTION I – COVERAGES
COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

* * *

      b.    This insurance applies to "bodily injury" and "property damage" only if:

          (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

          (2)    The "bodily injury" or "property damage" occurs during the policy period;

18. Additionally, the policy contains an assault or battery exclusion, which applies to all locations, and provides, in pertinent part:

    I.    This insurance does not apply to locations specified in the above Schedule for "bodily injury", "property damage", "personal and advertising injury", or medical payments under Coverage C, caused by, arising out of, resulting from, or in any way related to an "assault" or "battery" or "battery" when that "assault" or "battery" is caused by, arising out of, or results from, in whole or in part from:

      A.    The direct or indirect instigation, instruction or direction, by you, your employees, patrons or any other persons, or

      B.    The failure to provide a safe environment including but not limited to the failure to provide adequate security, or to warn of the dangers of the environment, or

      C.    The negligent employment, investigation, supervision, hiring, training or retention of any person, or

      D.    Negligent, reckless or wanton conduct by you, your employees, patrons or any person, or

      E.    The use of force, whether excessive or not, to protect persons or property whether or not the "bodily injury", "property damage", or "personal and advertising injury" was intended from the standpoint of the insured or committed by or at the direction of any insured; or

      F.    The failure to render or secure medical treatment or care necessitated by any "assault" or "battery".

This exclusion applies to all locations if the above Excluded Location Schedule is left blank. Further, this exclusion also applies to all locations specified in the Limited Assault or Battery Coverage endorsement if also attached to the policy.

* * *

III. For the purpose of this endorsement only, the following definitions are added to SECTION V – DEFINITIONS

* * *

A. "Assault" means any intentional act, or attempted act or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of injury, including but not limited to physical injury, sexual abuse or harassment, intimidation, verbal abuse, and any threatened harmful or offensive contact between two or more persons.

B. "Battery" means the intentional or reckless use of force including a physical altercation or dispute between persons, or offensive touching or sexual molestation against another, resulting in injury whether or not the actual injury inflicted is intended or expected. The use of force includes, but is not limited to the use of a weapon.

19. The Policy also contains an expected or intended injury exclusion:

   2. Exclusions

   This insurance does not apply to:

   a. Expected Or Intended Injury

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

20. Based on the foregoing exclusions, coverage is precluded under the Policy for the claims Plaintiff asserts against WDI in the underlying lawsuit.

**VI.   COUNT ONE: DECLARATORY JUDGMENT —NO DUTY TO DEFEND OR INDEMNIFY**

21. An actual and justiciable controversy exists between MUSIC and Defendants concerning their respective rights and liabilities under the MUSIC Policy.

22. The claims asserted against WDI in the underlying lawsuit are precluded from coverage because Raul Alvarez's bodily injuries arise out of a "battery," which, in turn, was caused

by WDI's failure to provide a safe environment, provide adequate security, and warn of the dangers of the environment, among other things.

23. Furthermore, the expected or intended injury exclusion also precludes coverage for the claims asserted in the underlying lawsuit. The underlying lawsuit alleges that Raul's fatal bodily injuries were expected from the standpoint of WDI. Therefore, the claims asserted against WDI are excluded from coverage.

24. MUSIC therefore seeks a declaration pursuant to 28 U.S.C. § 2201 that it has no duty to defend WDI against the claims asserted in the underlying lawsuit and that it has no duty to indemnify WDI for any judgment or settlement in the underlying lawsuit.

## VII. RESERVATION TO AMEND

25. MUSIC reserves the right to amend this action as necessary and to include any additional claims that may be made.

## VIII. PRAYER

WHEREFORE, MUSIC prays for a declaration that it has no duty to defend or indemnify WDI in the Underlying Lawsuit as set forth above and for any further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matt Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR PLAINTIFF
MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY**