IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:24-CV-332-N |
| WEST DALLAS INVESTMENTS, L.P., *et al.*, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Mesa Underwriters Specialty Insurance Company's ("Mesa") motion for summary judgment [12]. Because Mesa has no duty to defend or indemnify the underlying state court action, the Court grants Mesa's motion for summary judgment.

**I. ORIGINS OF THE MOTION**

This suit arises out of a dispute regarding Mesa's duty to defend and duty to indemnify Defendant West Dallas Investments, L.P. ("WDI") in an underlying wrongful death action. In the underlying suit, the plaintiff brought an action against WDI for the wrongful death of her son, Alvarez. Pl.'s App. 1 [14]. The petition alleges that several unknown, inebriated patrons at a rave on WDI property fired gunshots "indiscriminately in the direction of the crowd" and a bullet struck and killed Raul Alvarez. *Id.* at 3. The plaintiff alleges that WDI had a duty to provide adequate protection from a known

MEMORANDUM OPINION & ORDER – PAGE 1

dangerous condition, as the property is regularly open to the public and promoted to hold raves where inebriation and weapons are not uncommon. *Id.* at 4.

Prior to the incident, Mesa issued a commercial general liability insurance policy to WDI that provides coverage for bodily injury and property damage. Pl.'s Br. 5 [13]. The policy contains an Assault or Battery Exclusion, which provides, in pertinent part:

> I.  This insurance does not apply . . . for "bodily injury" . . . caused by, arising out of, resulting from, or in any way related to an "assault" or "battery" when that "assault" or "battery" is caused by, arising out of, or results from, in whole or in part from:
>
>   . . .
>
>   b. The failure to provide a safe environment including but not limited to the failure to provide adequate security, or to warn of the dangers of the environment, or
>
>   . . .
>
>   d. Negligent, reckless or wanton conduct by you, your employees, patrons or any person, or
>
>    . . .

Pl.'s App. 29. The exclusion further defines assault and battery:

> A. "Assault" means any intentional act, or attempted act or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of injury, including but not limited to physical injury . . . or offensive contact . . .
>
> B. "Battery" means the intentional or reckless use of force . . . resulting in injury whether or not the actual injury inflicted is intended or expected. The use of force includes, but is not limited to the use of a weapon.

*Id.* at 30.

Mesa filed this declaratory judgment action seeking a declaration that it owes no duty to defend or indemnify WDI in the underlying state suit. Pl.'s Compl. ¶ 1 [1]. Mesa

MEMORANDUM OPINION & ORDER – PAGE 2

argues that the action in the underlying suit can only be construed such that it is barred by the insurance policy's assault or battery exclusion. Pl.'s Br. 10–13.

## II. LEGAL STANDARD
### A. *Legal Standard for Summary Judgment*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, that party "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might

return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B. Legal Standard for an Insurer's Duty to Defend

When determining whether an insurer has a duty to defend under Texas law, courts follow the "eight-corners rule." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). "The eight-corners rule provides that when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from terms of the policy and the pleadings of the third-party claimant." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006). "Resort to evidence outside the four corners of these two documents is generally prohibited." *Id.* "The duty to defend does not depend upon the truth or falsity of the allegations." *Gore Designs Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008). An insurer's duty to defend is usually invoked with a plaintiff's factual allegations that potentially support a covered claim. *Id.* Courts are to construe allegations in the pleadings liberally and resolve all doubts in favor of the insured. *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997); *see also Gore Designs*, 538 F.2d at 369 ("When in doubt, defend.").

The insured has the burden to establish coverage under the policy. *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 603 (Tex. 2015). But if the insured

MEMORANDUM OPINION & ORDER – PAGE 4

establishes coverage, then to avoid liability, the insurer has the burden to prove that the loss falls within an exclusion under the policy. *Id.* When "the plaintiff's petition makes allegations which, if proved, would place the plaintiff's claim within an exclusion from coverage, there is no duty to defend." *Gore Design*, 538 F.3d at 370 (internal quotations and citations omitted). But the burden of proving that the exclusion applies rests with the insurance company. TEX. INS. CODE § 554.002.

### C. Legal Standard for an Insurer's Duty to Indemnify

The duty to indemnify is based on the actual facts developed in the underlying suit, rather than the factual allegations in the pleadings. *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). While "the duty to indemnify is generally not ascertainable until after the insured has been held liable, it is justiciable prior to a finding of liability when the same reasons negating the duty to defend also negate any duty to indemnify." *Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, 468 F.3d 857, 858–59 (5th Cir. 2006).

### III. THE COURT GRANTS MESA'S MOTION

The Court holds that Mesa has met its burden to establish that the alleged incident falls under the policy's assault or battery exclusion. The Court finds that Mesa does not have a duty to defend or indemnify.

### A. The Court Finds the Assault or Battery Exclusion Applies

The parties agree that the policy includes coverage for bodily injury, such as alleged in the underlying suit, but disagree on whether the policy's assault or battery exclusion applies.

MEMORANDUM OPINION & ORDER – PAGE 5

WDI argues that Mesa has not established that the facts alleged qualify as an assault or battery under the policy. Def.'s Resp. Br. at 16 [19]. First WDI analyzes whether the action alleged constitutes an "assault" under the policy. WDI argues that the definition of "intentional act" in the policy's definition of "assault" can be construed to require the allegation to prove that the shooter intended to cause the injury. *Id.* at 17–19. However, because the policy is not limited to an intentional assault, and because the Court finds that the action alleged clearly constitutes a "battery" under the policy, the Court need not determine whether this is a reasonable construction of the policy.

Next, WDI claims that the facts alleged do not constitute a "battery" under the policy. The policy defines "battery" as "the intentional or reckless use of force . . . resulting in injury whether or not the actual injury is intended or expected." Pl.'s App. 30. WDI first argues that it is a reasonable construction of "intentional" to require not only the intention to use force but "that an actor intend to cause injury." Def.'s Resp. Br. 19 n.3. However, the policy includes specific language to exclude this as a reasonable interpretation of the policy. *See* Pl.'s App. 30 (defining battery as an intentional or reckless use of force "whether or not the actual injury is intended or expected."). Such direct language makes unreasonable WDI's interpretation that battery requires the injury to be intended or expected.

WDI also argues that Mesa has not met its burden to show "reckless use of force" because the petition is unclear whether the bullet that struck Alvarez was from the persons shooting bullets into the crowd, which WDI concedes would be reckless, or if he was hit

by another "random bullet." Def.'s Resp. Br. 19–20. The Court finds no such lack of clarity in the petition.

WDI argues that the petition in the underlying suit makes "no allegation . . . from which it can be ascertained whether [the plaintiff] asserts that her son was shot by persons who were allegedly 'firing weapons into the air' or by the persons who allegedly 'fired shots indiscriminately in the general direction of the crowd' or by other 'random bullets.'" Def.'s Resp. Br. 18. This mischaracterizes the allegations in the underlying petition as three different allegations rather than all referring to the same alleged act. The underlying petition states that:

> Among the partygoers at the rave that night were several inebriated young men with firearms. . . . [S]ome of these inebriated young men began firing their weapons into the air. . . . [and] as shots were fired and as partygoers began hurrying to the exits, these inebriated young men fired shots indiscriminately in the general direction of the crowd, and Raul . . . [was] struck by [one of the] stray bullets.

Pet. ¶ 10, Pl.'s App. 3.

The petition clearly alleges that the same inebriated actors ("*these* inebriated young men") fired shots into the crowd after firing into the air. Likewise, the use of the term "stray bullets" refers to the bullets "fired . . . indiscriminately" by these actors and cannot be convincingly read to refer to bullets from another source. WDI concedes that it would be reckless conduct to shoot into a crowd. *See* Def.'s Resp. Br. 19 ("The Fort Worth Court of Appeals held, in 1985, that it was 'reckless' conduct to shoot into a crowd—and WDI agrees that such conduct would be reckless."). Therefore, because the petition alleges that

MEMORANDUM OPINION & ORDER – PAGE 7

Alvarez was hit by a bullet fired into a crowd, this meets the standard to show battery under the exclusion.

The Court finds that the allegations in the petition allege facts squarely within the scope of the plain language of the assault or battery exclusion. Because the petition does not allege facts that fall outside of the exclusion and within the scope of coverage, the Court applies the eight corners rule and holds that Mesa has no duty to defend WDI in the underlying suit.

### B. The Court Determines that the Duty to Indemnify is Justiciable

Because the same reasons negating the duty to defend also negate any duty to indemnify, the Court finds that the duty to indemnify is ascertainable at this stage and finds that Mesa has no duty to indemnify WDI.

The Texas Supreme Court established in *Griffin* that, while the "duty to defend and duty to indemnify are distinct and separate duties," the duty to indemnify can be justiciable prior to judgment where "the same reasons that negate the duty to defend" also negate the possibility of indemnification because no "facts can be developed in the underlying tort suit that can transform" the allegations into acts that are within the scope of coverage. 955 S.W.2d at 82, 84. The Fifth Circuit has cautioned that *Griffin* should be narrowly construed to cases where no "conceivable set of facts" could give rise to coverage. *Liberty Mut. Fire Ins. Co. v. Copart of Conn., Inc.*, 75 F.4th 522, 537 (5th Cir. 2023). However, this case more closely mirrors *Griffin* than *Liberty*. In *Griffin*, the court found that no set of facts could "be developed in the underlying tort suit that can transform a drive-by shooting into an 'auto accident,'" which was the extent of coverage under the policy. 955 S.W.2d at 84.

MEMORANDUM OPINION & ORDER – PAGE 8

In *Liberty*, the court found that there were foreseeable facts that could develop during the litigation that would give rise to a duty to indemnify. 75 F.4th at 537.

Here, the underlying petition alleges negligence and premises liability under a theory that because inebriated young men with firearms is a "well-known occurrence in urban rave subculture" and "raves were allowed at" the property, WDI knew or should have known of the risk. Pet. ¶¶ 10–12, Pl.'s App. 3–4. If WDI is held liable in the underlying suit, it will be for bodily injury arising out of WDI's failure to provide a safe environment. As established above, the bodily injury alleged — death from bullets shot in the direction of a crowd — arose out of assault or battery. The exclusion applies to "bodily injury . . . caused by, arising out of, resulting from, or in any way related to an 'assault' or 'battery.'" Pl.'s App. 29. "The words 'arising out of' are not words of narrow and specific limitation, but are broad, general, and comprehensive terms." *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 705 n.6 (5th Cir. 1996). The Texas Supreme Court has described "arising out of" in the insurance context "as connoting 'a causal connection or relation,' concluding but-for causation is sufficient, even without direct or proximate causation." *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 437–38 (Tex. 2017). Because "arising under" is construed broadly as but-for causation in this context, the Court finds there is no set of facts that could develop in the underlying suit that would transform a shooting into something other than an action arising out of assault or battery under the policy.

WDI argues that facts may develop to show either (1) "the person who shot Alvarez acted negligently rather than intentionally or recklessly," or (2) "that the alleged incident

MEMORANDUM OPINION & ORDER – PAGE 9

occurred off of WDI's premises." Def.'s Resp. Br. 21–22. Because the Court has addressed WDI's "intentional" and "reckless" arguments above, the Court declines to repeat the analysis of those terms here. However, the Court points to the language of the exclusion to show that "assault or battery arising out of negligent, reckless or wanton conduct by . . . patrons or any person" is explicitly covered by the exclusion. Pl.'s App. 29. Second, there is no indication in the policy that the exclusion is limited to action on WDI's premises. *See id.* Even if the underlying lawsuit develops facts to show that the assault or battery occurred off WDI property, there is no set of facts under which WDI would be held liable for such an incident that would fall outside of the exclusion in the policy between Mesa and WDI.

## CONCLUSION

Because Mesa has established that the incident alleged in the underlying lawsuit falls squarely under the policy's assault or battery exclusion, the Court finds that Mesa does not have a duty to defend or indemnify. The Court thus grants Mesa's motion for summary judgment. Then, because Defendants' counterclaims for declaratory judgment and breach of contract are based on a duty to defend or indemnify, the Court also dismisses all counterclaims and dismisses this case with prejudice.

Signed April 22, 2025.

_____
David C. Godbey
Chief United States District Judge